# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0397-24

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

O.A.C.,

      Defendant-Appellant.

_____

      Submitted April 28, 2026 – Decided June 3, 2026

      Before Judges DeAlmeida and Rosero.

      On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 19-07-0767.

      Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

      Wayne Mello, Hudson County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant O.A.C.[1] appeals from a July 12, 2024 Law Division order denying his first petition for post-conviction relief (PCR) without granting an evidentiary hearing. On appeal, defendant raises the following point for our consideration.

> POINT ONE
>
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIMS THAT HIS SENTENCING AND APPELLATE ATTORNEYS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL [(IAC)] BY FAILING TO ARGUE ADEQUATELY ABOUT HIS SENTENCE, THAT HIS TRIAL ATTORNEY[2] RENDERED [IAC] BY FAILING TO REVIEW DISCOVERY AND COMMUNICATE WITH HIM IN SPANISH, AND THAT HIS APPELLATE ATTORNEY RENDERED [IAC] BY FAILING TO ARGUE ADEQUATELY THAT HIS SEVERANCE MOTION SHOULD HAVE BEEN GRANTED.

Having considered this argument in light of the record and applicable legal principles, we vacate the order in part and remand for an evidentiary hearing on defendant's claims that his trial attorney rendered IAC by failing to review full

---

[1] We refer to defendant by his initials to protect from public disclosure the identity of the child victims of sexual assault. R. 1-38-3(c)(9).

[2] Defendant's trial counsel was not the same as sentencing counsel.

A-397-24

discovery and communicate with him in Spanish prior to trial. We otherwise affirm the order denying defendant's PCR petition.

I.

We incorporate herein the facts set forth in State v. O.A.C., Docket No. A-3031-19 (App. Div. Oct. 13, 2021), wherein we affirmed defendant's conviction for aggravated sexual assault and related charges and an aggregate sixty-year term of imprisonment with an eighty-five-percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2.

Briefly, the convictions stem from defendant engaging in repeated and escalating sexual abuse of both his step-granddaughters, involving touching, penetration, oral sex, exposure to pornography, coercion through gifts, threats of harm, and physical violence, over extended periods during their childhoods. Id. at 1-9. The abuse began at different times when each victim was six years old. Id. at 1-3. The older sister, having experienced abuse herself, warned the younger, which eventually led to a conversation in which the younger sister disclosed abuse by defendant. Id. at 4. The trial court found the younger sister's statements were admissible under the tender years exception, N.J.R.E. 803(c)(27). Id. at 6-7.

At trial, defendant unsuccessfully moved to sever the charges. Id. at 7. On direct appeal, in his second point, defendant argued that the "trial court erred in denying defendant-appellant['s] motion to sever due to prejudicial joinder." Id. at 10 (capitalization reformatted). We rejected this argument and affirmed. Id. at 21.

## II.

To support his PCR petition, defendant submitted briefs,[3] a supplemental certification, and exhibits. He claimed, among other things, that his trial counsel was ineffective by failing to: provide complete discovery, explain the plea offer, and communicate with him in Spanish since he does not speak English and only speaks Spanish. He further claimed sentencing counsel was ineffective for failing to argue mitigating factors and "provide meaningful arguments" at sentencing. Additionally, defendant argued appellate counsel was ineffective for failing to: "raise any sentencing arguments on direct appeal[;]" argue on appeal that the trial court did not conduct the analysis required by State v. Yarbough, 100 N.J. 627, 643-44 (1985), at sentencing; properly address the severance issue on appeal, as required by State v. Smith, 471 N.J. Super. 548 (App. Div. 2022); and argue that his sentence was excessive.

---

[3] Defendant provided two self-represented briefs and one by PCR counsel.

A-397-24

After reviewing the parties' submissions and hearing oral arguments, the PCR judge denied defendant's petition without holding an evidentiary hearing. The court entered an order and written decision on July 12, 2024. The PCR judge found that defendant failed to establish a prima facie case of IAC on any of the grounds he raised and failed to satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). Further, citing Rule 3:22-10(b) and relying on State v. Marshall, 148 N.J. 89 (1997), the PCR judge determined that an evidentiary hearing was unwarranted because defendant "ha[d] failed to make the requisite prima facie showing that trial counsel's or appellate counsel's performance constituted [IAC]." (citing State v. Preciose, 129 N.J. 451, 462 (1992)).

We begin with defendant's claims of ineffective assistance of sentencing counsel.

In this regard, the PCR judge engaged in an extensive analysis of the claims defendant asserted. The PCR judge noted:

> During sentencing, [defendant] "maintain[ed] his claim of innocence." And sentencing counsel for defendant argued in his sentencing memorandum that the statutory aggravating and mitigating factors did not apply because they only apply to "guilty individuals." Nonetheless[,] sentencing counsel did argue that the

court should consider [] defendant's age and limited involvement in the criminal justice system. And to the extent that sentencing counsel failed to specifically cite "mitigating factor seven[,]"[] counsel was not ineffective in that defendant maintained his innocence at sentencing, and his counsel referenced his limited prior contacts with the criminal justice system.

[(citations omitted).]

The PCR judge stated: "[defendant's] claim of [IAC] due to sentencing counsel's failure to specifically state which mitigating factors he was seeking would not have changed the outcome of the sentence." The PCR judge found:

sentencing counsel was not ineffective because there is nothing before this [c]ourt to suggest that the outcome of sentencing would have been different even if sentencing counsel made the arguments that [defendant] now argues should have been made. Defendant was found guilty of committing first-degree aggravated sexual [assault], among other charges, against two minor victims who were his step-granddaughters. As the Appellate Division put it, [defendant] "engaged in long term sexual abuse of his step-granddaughters while responsible for their care, threatened them if they revealed his sexual abuse, and engaged in the other crimes alleged against him."

[(quoting O.A.C., at 12-13) (citation reformatted)]

The PCR judge continued:

The sentencing court also provided a detailed explanation for sentencing [] [d]efendant consecutively, primarily due to the "the sinister, systematic, and sustained" abuse over a decade that

6

[defendant] inflicted on the victims. This was compounded because [defendant's] conduct came to light only after [the older sister] learned that her younger sister, [] was subject to the same abuse by [defendant] that she herself had endured. The sentencing court also noted [] [defendant] "exploited that care, in a continuing, again, methodical and evil fashion."

Regarding consecutive sentences, the PCR judge said, "The sentencing court's imposition of consecutive sentences was fair given the circumstances." In support, the PCR judge cited N.J.S.A. 2C:44-5 and State v. Torres, 246 N.J. 246, 270 (2021) (explaining that a "sentencing court's decision whether to impose consecutive sentences should retain focus on 'the fairness of the overall sentence'") (quoting State v. Miller, 108 N.J. 112, 122 (1987) (signals omitted)).

Concerning claims of IAC of appellate counsel, the PCR judge addressed defendant's claims regarding an alleged failure to raise sentencing issues on direct appeal. As for the claim that defendant received an illegal sentence, the PCR judge stated, "As our Supreme Court has explained, there is a distinction between arguments of excessive sentence due to 'the aggregation of the custodial terms' and from sentence illegality 'by reason of being beyond or not in accordance with legal authorization.'" (quoting State v. Acevedo, 205 N.J. 40, 47 (2011)). The PCR judge further found that sentencing factors or consecutive sentencing guidelines are not cognizable on PCR, as they do not render the

7

sentence illegal. The PCR judge also found defendant was not claiming his sentence was illegal, but excessive, and therefore beyond the scope of Rule 3:21-10 (b)(5).

Defendant further asserted appellate counsel was ineffective for failing to properly argue the severance issue on appeal. The PCR judge stated, "[b]ecause the Appellate Division has already determined [] [defendant's] severance arguments lacked merit on this direct appeal, it is barred under Rule 3:22-5." Further, the PCR judge found "[defendant's] [self-represented] arguments also lack[ed] merit." Specifically, that "[a]ppellate counsel was not ineffective in failing to challenge that admissibility of [the younger sister's] statement pursuant to N.J.R.E. 803(c)(27)."

Defendant additionally argued ineffective assistance of trial counsel, alleging counsel failed to provide full discovery, explain the plea offer and communicate with him in Spanish. In this regard, the PCR judge stated, "[defendant] has not demonstrated that trial counsel was ineffective in failing to review discovery with [him] and in failing to communicate with him during his representation." The PCR judge found defendant failed to provide a factual basis to support his claims that trial counsel did not have discovery documents translated into Spanish or failed to provide an interpreter during their meetings.

Regarding the plea offer, the PCR judge noted "[defendant] has not asserted that he did not understand the consequences of going to trial." Finally, the PCR judge concluded that, "[o]ther than [defendant's] bald assertions, there is no evidence that trial counsel failed to communicate with him or review discovery." The PCR judge cited Rule 3:22-10(c), stating:

> Rule 3:22-l0(c), provides that "[a]ny factual assertion that provides the predicate for a claim of relief [in a petition for PCR] must be made by an affidavit or certification . . . and based upon personal knowledge of the declarant before the court may grant an evidentiary hearing." In the absence of such factual support for his claim, [defendant] has not presented a prima facie case of ineffective assistance and was not entitled to an evidentiary hearing. Other than [defendant's] bald assertions, there is no evidence that trial counsel failed to communicate with him or review discovery.

To support this conclusion the PCR judge cited State v. Porter, 216 N.J. 343, 355 (2013), for the proposition that a PCR petition must contain "specific facts and evidence supporting the allegations."

### III.

Merely raising a claim for PCR does not entitle a defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if defendant has presented a prima facie claim

9

A-397-24

of IAC, material issues of disputed fact lie outside the record, and resolution of the issues necessitates a hearing. Porter, 216 N.J. at 355. A PCR court deciding whether to grant an evidentiary hearing "should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim . . ." of IAC. Preciose, 129 N.J. at 463.

Rule 3:22-10(b) states:

> A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of post-conviction relief, a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief. To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.

We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

To reverse a conviction based on IAC, a defendant must demonstrate "by a preponderance of the credible evidence" that the performance of defendant's attorney fell below the objective standard of reasonableness set forth in Strickland, 466 U.S. at 687-88 and adopted in Fritz, 105 N.J. at 49-58, and that the outcome would have been different without the purported deficient

10

performance.  State v. Echols, 199 N.J. 344, 357-59 (2009).  Stated simply, a defendant must show that:  (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense.  Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58.

To satisfy the first prong, a defendant must "show[] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] [] defendant by the Sixth Amendment" and "that counsel's representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 687-88. "Judicial scrutiny of counsel's performance must be highly deferential," and a defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  As such, "[i]f counsel thoroughly investigates law and facts, considering all possible options, his or her trial strategy is 'virtually unchalleng[e]able.'"  State v. Savage, 120 N.J. 594, 617 (1990) (quoting Strickland, 466 U.S. at 690-91).

To satisfy the prejudice prong of an IAC claim, "[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or result reached." State v. Chew, 179 N.J. 186, 204 (2004) (citing Strickland, 466 U.S. at 694).  This prong generally requires that a defendant establish a

"reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "That 'is an exacting standard.'" State v. Gideon, 244 N.J. 538, 551 (2021) (quoting State v. Allegro, 193 N.J. 352, 367 (2008)).

Because there is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," Strickland, 466 U.S. at 690, defendant bears the burden of proving both prongs of an IAC claim by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012). Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. Cronic, 466 U.S. at 659 n.26. To that end, defendant "must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170. Thus, defendant is not entitled to an evidentiary hearing when his claims are "too vague, conclusory, or speculative." Porter, 216 N.J. at 355 (quoting Marshall, 148 N.J. at 158).

Failure to meet either prong of the two-pronged Strickland/Fritz test results in the denial of a petition for PCR. State v. Parker, 212 N.J. 269, 280

(2012) (citing Echols, 199 N.J. at 358).  That said, "courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient."  Gaitan, 209 N.J. at 350 (citation omitted) (citing Strickland, 466 U.S. at 697).

Applying these principles, we agree with the PCR court's conclusion that defendant failed to make a prima facie showing of IAC under the Strickland-Friz test, and we discern no abuse of discretion in the denial of defendant's PCR petition without an evidentiary hearing on all claims for the reasons stated in the PCR judge's comprehensive decision, with two exceptions.[4]  We depart from the PCR judge's decision only with respect to defendant's claim that trial counsel failed to provide full discovery and communicate with him in Spanish regarding discovery and the plea offer.

---

[4]  We disagree with the State's argument defendant's claim that his appellate counsel was ineffective for not adequately arguing the severance issue is barred by Rule 3:22-5.  Defendant is not attempting to reargue the merits of the denial of his severance motion decided on direct appeal.  He contends his appellate counsel was ineffective in arguing the severance issue on direct appeal.  We see no basis in the record to conclude appellant counsel was ineffective in his argument challenging the trial court's denial of defendant's motion to sever or that any argument appellant counsel could have made would have changed the outcome of the appeal on that issue.

In his self-represented brief submitted to the PCR court, defendant asserted trial "counsel failed to properly advise him about the result of his plea barg[a]ining when [counsel] informed [him] that he will 'only' receive between [five] to [seven] years in prison if he pled guilty." In his self-represented certification, defendant incorporated the claims regarding trial counsel's IAC. Further, defendant attested, "I only speak Spanish. I do not speak English."

Considering that communication between counsel and defendant, as well as the "plea bargain issue in this case clearly implicated facts dehors the record and events which occurred outside the presence of the [trial] judge. . . ." State v. Pyatt, 316 N.J. Super. 46, 51 (App. Div. 1998); that "[e]ven a suspicious or questionable affidavit supporting a PCR petition 'must be tested for credibility and cannot be summarily rejected[;]'" Porter, 216 N.J. at 355 (further citation omitted); and viewing the facts alleged "in the light most favorable to defendant," Preciose, 129 N.J. at 463, we conclude defendant presented a prima facie case on these claims and the PCR judge mistakenly exercised his discretion in denying defendant's request for an evidentiary hearing on these issues. We therefore remand the matter to the Law Division to conduct an evidentiary hearing in accordance with this opinion. We express no view on the merits of any of defendant's contentions.

A-397-24

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division